# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | |
|---|---|
| CELINE SA,<br><br>                      Plaintiff,<br>    v.<br><br>THE PARTNERSHIPS and UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE A,<br><br>                      Defendants. | Case No.       25-cv-10228<br>District Judge   Manish S. Shah |

## **DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff CELINE SA against the defendants operating under the Seller Aliases identified on Schedule A to the Complaint hereto (collectively, the "Seller Aliases"), and Celine having moved for entry of Default Judgment against all Defendants who are identified on Schedule A attached hereto (collectively, the "Defaulting Defendants"), and This Court having entered a temporary restraining order and a preliminary injunction against Defaulting Defendants, which included an asset restraining order; Celine having completed service of process on Defaulting Defendants on 2025-09-04, by providing notice and e-mail and via electronic publication on a website, along with any notice that Defaulting Defendants received from payment processors, being reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and The Defaulting Defendants having failed to answer the Complaint or otherwise plead, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted:

THIS COURT FINDS that, by virtue of their default, Defaulting Defendants have sold products using infringing and counterfeit versions of Celine's federally registered trademarks (the "Celine Trademarks") (the list of which is included in the below chart).

| REGISTRATION NUMBER | REGISTERED TRADEMARK | REGISTRATION DATE | INTERNATIONAL CLASSES |
|---|---|---|---|
| 1,000,156 | CÉLINE | December 24, 1974 | For: leather goods- namely, purses, pouches, money bags and cardholders, wallets, passport and travel document cases, handbags in class 18. |
| 6,337,314 |  | May 4, 2021 | For: traveling bags, luggage and suitcases, leather bags, rucksacks, shoulder bags, handbags, sports bags, carrying cases, business cases of leather; luggage tags for luggage, whips, animal leashes, saddlery; walking sticks; clutch bags, wallets, business card cases; credit card holders; purses, key cases, credit card cases; umbrellas; parasols; beach umbrellas in class 18.<br><br>For: holders for mobile phones in class 9 |

| 6,187,133 | [Celine logo] | November 3, 2020 | For: traveling bags, luggage and suitcases, leather bags, rucksacks, shoulder bags, handbags, sports bags, carrying cases, business cases; luggage tags for luggage, animal leashes; walking sticks; clutch bags, wallets, business card cases; credit card holders; purses, key cases, credit card cases; umbrellas; parasols; beach umbrellas in class 18. For: spectacles, sunglasses, spectacle frames; spectacle cords and chains; cases for spectacles in class 9 For: Jewelry; watches; earrings; cuff links, bracelets, jewelry charms, rings, brooches, necklaces, tie pins, lockets in class 14. For: Clothing, namely, shirts, sweaters, t-shirts, belts, scarves, neckties, vests, skirts, coats, trousers, dresses, jackets, gloves, tights, socks, bathing suits, pocket squares; shoes; headwear; cuffs; clothing and footwear for sports and skiing in class 25. |
|---|---|---|---|
| 982,010 | CELINE | April 9, 1974 | For: pullover type sweaters, shirts, blouses, boots, shoes and slippers in class 25. |
| 2,475,129 | CELINE | August 7, 2001 | For: spectacles, spectacles cases, eyeglasses, and sunglasses in class 9. |

THIS COURT FURTHER FINDS that Defaulting Defendants are liable for willful federal trademark infringement and counterfeiting (15 U.S.C. § 1114) and false designation of origin (15 U.S.C. § 1125(a)).

ACCORDINGLY, THIS COURT HEREBY ORDERS that Celine's Motion for Entry of Default and Default Judgment is GRANTED, that Defaulting Defendants are in default, and that this Default Judgment is entered against Defaulting Defendants.

THIS COURT FURTHER ORDERS THAT:

1. Defaulting Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

   a. Using the Celine Trademarks or any reproductions, counterfeit copies or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Celine product or not authorized by Celine to be sold in connection with the Celine Trademarks;

   b. Passing off, inducing, or enabling others to sell or pass off any product as a genuine Celine product or any other product produced by Celine, that is not Celine's or not produced under the authorization, control, or supervision of Celine and approved by Celine for sale under the Celine Trademarks;

   c. Committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Celine, or are sponsored by, approved by, or otherwise connected with Celine; and

   d. Manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Celine, nor authorized by Celine to be sold or offered for sale, and which bear any of Celine's trademarks, including the Celine Trademarks, or any reproductions, counterfeit copies or colorable imitations thereof.

2. Defaulting Defendants and any third party with actual notice of this Order who is

providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Online Marketplaces, including, without limitation, any online marketplace platforms and payment processors including non-U.S. affiliates, subsidiaries, branches, etc., such as PayPal, Inc., eBay, Inc., AliExpress, Alipay, Alibaba Group Holding Ltd., Amazon.com, Amazon Pay, DHgate, Ant Financial Services Group, Walmart and Etsy (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

    a.    Using, linking to, transferring, selling, or exercising control over the online marketplace accounts associated with the Seller Aliases, or any other online marketplace account to sell counterfeit and infringing goods using the Celine Trademarks; and

    b.    Operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Celine Trademarks or any reproductions, counterfeit copies or colorable imitations thereof that is not a genuine Celine product or not authorized by Celine to be sold in connection with the Celine Trademarks.

3. Upon Celine's request, those with notice of this Order, including the Third Party Providers, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of counterfeit and infringing goods using the Celine Trademarks.

4. Pursuant to 15 U.S.C. § 1117(c)(2), Celine is awarded statutory damages from each of the Defaulting Defendants in the amount of $25,000 for willful use of counterfeit Celine Trademarks in connection with products sold through at least the Defaulting Defendants' Online

Marketplaces.

5. Celine may serve this Order on the Third Party Providers by e-mail delivery to the e-mail addresses Celine used to serve the Temporary Restraining Order and Preliminary Injunction on the Third Party Providers.

6. Any Third Party Providers holding funds for Defaulting Defendants shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants from transferring or disposing of any funds, up to the above-identified statutory damages award, or other of Defaulting Defendants' assets.

7. All monies up to the above-identified statutory damages award in Defaulting Defendants' financial accounts, regardless of where the accounts are held or where the institution is headquartered, including monies held by Third Party Providers are hereby released to Celine as partial payment of the above-identified damages, and the Third Party Providers, are ordered to release to Celine the amounts from Defaulting Defendants' financial accounts within seven (7) calendar days of receipt of this Order.

8. Until Celine has recovered full payment of monies owed to it by any Defaulting Defendants, Celine shall have the ongoing authority to serve this Order on Third Party Providers and this order shall apply to their non-U.S. affiliates, subsidiaries, branches, etc. If additional funds are transferred to Defendants' accounts after the initial freeze and transfer, or if additional accounts are identified, platforms and payment processors shall implement additional transfer procedures to ensure full satisfaction of judgments. Upon receipt of this Order, Third Party Providers shall within seven (7) calendar days:

    a. Locate all accounts and funds worldwide connected to Defaulting

Defendants' Seller Aliases, including, but not limited to, any financial accounts connected to the information listed in Schedule A hereto, the e-mail addresses identified in Exhibit 2 to the Declaration of Nicolas Lambert, and any e-mail addresses provided for Defaulting Defendants by third parties;

  b. Restrain and enjoin such accounts or funds from transferring or disposing of any money or other of Defaulting Defendants' assets; and

  c. Release all monies, up to the above identified statutory damages award, restrained in Defaulting Defendants' financial accounts to Celine as partial payment of the above-identified damages within seven (7) calendar days of receipt of this Order. Such transfers shall be executed in accordance with the deadline instituted by this Order, without awaiting the expiration of any internal hold periods.

9. If Celine identifies any additional online marketplace accounts or financial accounts owned by Defaulting Defendants, Celine may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at the e-mail addresses identified by Celine in Exhibit 2 to the Declaration of Nicolas Lambert and any e-mail

addresses provided for Defaulting Defendants by third parties.

10. The ten thousand-dollar ($10,000) bond posted by Celine is hereby released to Celine or its counsel, KossofIPR. The Clerk of the Court is directed to return the bond previously deposited with the Clerk of the Court to Celine or its counsel.

October 1, 2025

Manish S. Shah
United States District Judge

**Schedule of Defendants**

| No | Seller Name | Product URL |
|---|---|---|
| 1 | china_luxury8822 | https://www.instagram.com/china_luxury8822/ |
| 2 | china999888 | https://www.instagram.com/china999888/ |
| 3 | chintocubwa7r97 | https://www.tiktok.com/@chintocubwa7r97?_t=ZN-8y3HRCwUor8&_r=1 |
| 4 | jason_bagstudio88 | https://www.tiktok.com/@jason_bagstudio88?_t=ZP-8z60KlbE2TG&_r=1 |
| 5 | kicksplug_lu | https://www.instagram.com/kicksplug_lu/ |
| 6 | luxury_goods_2133 | https://www.instagram.com/luxury_goods_2133/ |
| 7 | maixs5 | https://www.instagram.com/maixs5/ |
| 8 | rhysstewart83 | https://www.instagram.com/rhysstewart83/ |
| 9 | wanan_1314wan | https://www.instagram.com/wanan_1314wan/ |
| 10 | zhurenxiong | https://www.instagram.com/zhurenxiong/ |